UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUNE COUCH AND ROBERT COUCH, JR.** | **CIVIL ACTION** |
| | **NO. 06-9562** |
| **VERSUS** | |
| | **SECTION B(3)** |
| **STATE FARM INSURANCE COMPANY** | |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand and Motion for Attorney's Fees. (Rec. Doc. No. 2). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion to Remand and Motion for Attorney's Fees are **DENIED**.

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs sustained significant damage to their property located in the State of Louisiana, Parish of Jefferson as a result of Hurricane Katrina. Plaintiffs' relevant State Farm Insurance Company ("State Farm") Policy was effective on August 29, 2005.

On September 13, 2006 Plaintiffs filed suit against Defendants State Farm and Marvin LeBlanc ("LeBlanc") in the 34th Judicial District Court for the Parish of St. Bernard. Plaintiffs asserted claims of breach of contract and negligence against Defendants. State Farm removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

Defendants contend diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Defendants argue

1

LeBlanc was improperly joined. Defendants further contend jurisdiction exists pursuant to 28 U.S.C. § 1369.

Plaintiffs contend LeBlanc was properly joined as a defendant, therefore, diversity of citizenship is destroyed. Plaintiffs further contend 28 U.S.C. § 1369 is inapplicable. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

### *DISCUSSION*

**A.     Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendants argue Plaintiffs failed to state a viable claim against LeBlanc. "Pleadings are to be construed to do substantial justice." *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975) (citing La. Code Civ. Proc. art. 854).[1] A petition is only required to state material facts upon which a cause of action is based. *Id.* (citing La. Code Civ. Proc. art. 891). Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).* Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006) (quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)).

Plaintiffs assert that the Court must remand the present action because it is analogous to the Court's prior decision, *Campo v. State Farm Ins. Co.*, No. 06-7324, 2007 WL 840125 (E.D. La. Mar. 16, 2007), in which the Court granted Plaintiffs' motion to remand, holding that Plaintiffs did not improperly join their local insurance agent. However, the present action is distinguishable from the facts presented to the Court in *Campo*. In *Campo*, Plaintiffs alleged in their complaint and offered evidence by way of affidavit claiming that they met with their insurance agent, requested adequate

---

[1]Plaintiffs filed the Petition in state court. Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiffs' petition.

coverage to fully insure their property against hurricanes, and relied on the advice of their agent in procuring such insurance. *Id.* Moreover, Plaintiffs asserted that they never received a copy of the policy at issue in the case. *Id.* Finally, the insurance agent, in his submitted affidavit, did not state that he did not commit the alleged negligent acts. *Id.*

In contrast, in the present action, Plaintiffs simply assert that LeBlanc failed to properly and accurately advise them of applicable exclusions in their policy[2] and that they relied on his advice.[3] Plaintiffs do not assert that LeBlanc made any negligent misrepresentations or negligently omitted information relating to the extent of Plaintiffs' hurricane coverage. Moreover, Plaintiffs do not rebut LeBlanc's affidavit, in which he states that Plaintiffs were provided with a copy of the policy and "at no time before Hurricane Katrina did Mr. or Mrs. Couch ever request an increase in their limits or any changes in coverages . . . ."[4] In short, Plaintiffs failed to assert claims recognized under Louisiana law. Therefore, LeBlanc was improperly joined.

**B.      Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

State Farm contends that jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B) considering: (1) Plaintiffs' claims arose from Hurricane Katrina and (2) State Farm was a defendant in multiple Katrina-related matters when the Notice of Removal was filed. 28 U.S.C. § 1369(a) provides that:

> [t]he district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–

---

[2] Complaint at ¶VII.

[3] Affidavit of June Couch at ¶¶3 and 4.

[4] Affidavit of Marvin LeBlanc at ¶¶ 5 and 6.

4

>   (1)  a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
>   (2)  any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
>   (3)  substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides that:

>   a defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[5] Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does

---

[5] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La.

5

not exist.

**C.      Plaintiffs are not entitled to attorneys fees and just costs**

Plaintiffs assert that Defendant's removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs. 28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. Defendant's arguments appear objectively reasonable. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand and Motion for Attorney's Fees are **DENIED**.

New Orleans, Louisiana this 25th day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).